UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2006 OCT 31 PM 1:44
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| RUSS SMITTH | : |
| Plaintiff, | : CIVIL ACTION NO. _____ |
| | : A06CA876 SS |
| vs. | : |
| BRENDA LOLLING | : PLAINTIFFS' ORIGINAL COMPLAINT |
| Defendant | : |
| | : |
| | : |

## PLAINTIFF'S ORIGINAL COMPLAINT & REQUEST FOR DECLARATORY JUDGMENT

Plaintiff Russ Smith respectfully alleges as follows for his complaint against Defendant Brenda Lolling:

### PARTIES

1.     Plaintiff Russ Smith is an individual living and working in Austin, Texas.

2.     Defendant Brenda ("Lila") Lolling is an individual living and working in Austin, Texas.  Lolling may be served with process at her workplace, Yoga Yoga, 4477 S. Lamar, Austin, Texas 78745.

### NATURE OF THE CLAIMS

3.     This is an action by Plaintiff seeking declaratory judgment under FEDERAL RULE OF CIVIL PROCEDURE 57 and 28 U.S.C. §§ 2201, 2202; and relief ancillary thereto.  Specifically, Plaintiff seeks this Court's determination of: (a) Plaintiff's rights in and to a partnership created by Plaintiff and Defendant in 2005 – the purpose of which was to produce, promote, distribute and sell instructional yoga DVDs, and (b) Plaintiff's rights under copyright law as a "joint

author" of the first DVD in the referenced series, entitled "Deaf Yoga for Beginners" (hereinafter the "DVD").  In addition, Plaintiff seeks to enforce his rights under Article 6132b-4.06 of the TEXAS REVISED PARTNERSHIP ACT, including his right to an accounting and a winding-up of the partnership's affairs; and for damages as a result of Defendant's breach of her duties as partner. Finally, Plaintiff seeks relief for conversion, breach of contract, *quantum meruit* and defamation; and seeks imposition of a constructive trust.

## JURISDICTION and VENUE

4.      This Court has subject matter jurisdiction over this action under 17 U.S.C. §§ 501 *et seq.* (actions arising under the copyright laws); 28 U.S.C. §§ 1331 (federal question), 1338 (exclusive original jurisdiction over copyright claims) and 1367(a) (supplemental jurisdiction over related state law claims).

5.      The Defendant is a resident of this judicial district and is thus subject to personal jurisdiction and amenable to service of process under 17 U.S.C. §1400.

## CONDITIONS PRECEDENT

6.      All conditions precedent have been performed or have occurred.

## BACKGROUND FACTS

### The Initial Agreement / Creation of the DVD

7.      For the last 19 years, Plaintiff has been professionally involved in multimedia development and production - specializing in music, video and web-related projects.  In this capacity, he has performed extensive work for the "deaf" and "yoga" communities in Austin, Texas.  Through these networks, Plaintiff was introduced to Defendant – a yoga instructor - in or around August of 2005.  At the time, Defendant was trying to produce an instructional yoga DVD for the deaf community with the working title "Deaf Yoga."  In or around September, 2005

Defendant showed Plaintiff an unfinished version of the DVD, which consisted of footage shot and edited by a third party videographer.  Plaintiff and Defendant determined that the DVD was not suitable for commercial release in its then-present form.  They agreed to collaborate on the DVD with hopes of producing and marketing a commercially viable product to the deaf *and hearing*[1] community; and to develop a series of such DVDs into the future.

8.      Under the parties' agreement, Plaintiff would re-edit and produce the DVD, and create several new and independently copyrightable elements – including graphics, storyboarding, scripting, animation and packaging.[2]  Because Defendant had no working capital, Plaintiff also agreed to advance monies to purchase the raw DVD footage,[3] and to pay manufacturing costs for an initial run of 1,000 copies.  The parties specifically agreed that Plaintiff would be reimbursed for these advances out of first proceeds from the initial production run, and that they would thereafter equally split net profits.  Following production, the parties would work together to market, distribute and sell (a) the DVD, and (b) future installments in the series.

9.      Over the ensuing months, Plaintiff fulfilled all of his obligations under the agreement.  He paid for the footage, completed production of the DVD (which the parties renamed "Deaf Yoga for Beginners"), paid for the initial manufacturing, and helped create and implement a marketing plan – including the solicitation of press in publications such as the *Chicago Yoga News Journal*.  Plaintiff also assisted in the creation of various promotional

---

[1] Plaintiff suggested that adding subtitling and music would expand the market to an extensive hearing community that was involved with sign language, and other teachers interested in teaching to the Deaf community.

[2] In addition, Plaintiff allowed a musical composition and sound recording which was written and recorded by him to be used in several places in the DVD.  These elements were separate and apart from the DVD, and not intended to be merged into the whole.  In other words, the composition and sound recording were impliedly "licensed" for use in the DVD.

[3] Defendant had never paid the videographer for the footage.

materials, including a wholesale marketing sheet and various promotional video clips; and worked with Defendant to secure distribution through educational, wholesale and retail outlets.

**Defendant's Independent Business - Deaf Yoga**

10.     Separate and apart from their collaborative work on the "Deaf Yoga for Beginners" DVD, Plaintiff performed *independent work* for Defendant's instructional yoga business "Deaf Yoga." In this capacity, Plaintiff performed photography services, graphic services, and created a new Deaf Yoga website. At all times, Defendant agreed that Plaintiff would be *separately compensated* for this work. Importantly, Plaintiff claimed (and claims) no interest in Deaf Yoga.

**Defendant's Mismanagement of Sales and Related Problems**

11.     By April, 2006, it became apparent that Defendant was grossly mismanaging the finances of the partnership. Under her agreement with Plaintiff, Defendant handled sales of the DVD through her "Deaf Yoga" website. Although she appeared to have sold-through some 600 copies of the DVD (with gross proceeds approaching $14,000), she failed to account to Plaintiff for any of those sales, and claimed that she didn't have the money to pay him his share of proceeds. Alarmed at the situation, Plaintiff took possession of the remaining DVDs to hold on behalf of the partnership.[4] This action was taken with Defendant's explicit knowledge, agreement and consent.

12.     Defendant also failed to pay Plaintiff for any of the work invoiced to "Deaf Yoga." As a result, by April, 2006, it appeared that Defendant was indebted to Plaintiff by more

---

[4] Several of these DVDs were later sold by Plaintiff on behalf of the partnership, with gross proceeds of $167.51. Plaintiff continues to hold the proceeds for the benefit of the partnership, and has already provided an accounting of these sales to Defendant.

than $15,000.[5]  Perhaps as a result of these mounting financial difficulties, Defendant's conduct

grew increasingly erratic.  For instance, she was abusing substances (including alcohol and

marijuana), and on several occasions, had become physically violent.  In late April, 2006,

Plaintiff decided that the parties should terminate their working relationship.  Shortly thereafter,

the parties commenced negotiations to facilitate same.

**Settlement Negotiations**

13.     On or about May 1, 2006, Defendant tendered a verbal proposal to Plaintiff -

offering to pay back all monies advanced by Plaintiff (for the raw footage and manufacturing),

and suggesting that she would thereafter split net proceeds from sales of the DVD on a 60/40

basis.  Plaintiff rejected the offer because: (1) it did not accurately reflect the parties' agreement

to split net profits equally (i.e., 50/50); (2) it did not provide for a sufficiently rapid payback of

Plaintiff's loans and advances; (3) it didn't include a promise to pay Plaintiff his share of profits

already generated (and dissipated by Defendant), (4) it failed to address Plaintiff's continued

ownership interest in and to the musical composition and sound recording used in the DVD, and

(5) it failed to ascribe any value to Plaintiff's interest in the *partnership* (as opposed to his

interest in the DVD).

14.     On or about May 14, 2006, Defendant tendered a written settlement proposal

confirming that the DVD had been a "joint process" and offering to split profits 50/50.  Plaintiff

rejected that offer – again, because it failed to address Plaintiff's right to profits already

generated; failed to address Plaintiff's continued ownership interest in the musical composition

and sound recording used in the DVD; failed to address repayment of the loans and advances

---

[5] This assumes reimbursement to Plaintiff of advances and loans to the partnership ($9,668); plus his share of profits from gross proceeds from DVD sales of approximately $14,000 - net of the aforementioned loans and advances ($2,166); plus $3,500 for website design work invoiced to Defendant's independent business "Deaf Yoga."

ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT - 5

Plaintiff made to the partnership; and failed to ascribe any value to Plaintiff's interest in the partnership.

15.     On June 6, 2006, Defendant made her first, and only, tender to Plaintiff of a share of profits from the sale of the DVD – a check in the amount of $255.75, marked "May DVD sales." On June 11, 2006, Defendant advised Plaintiff that she had sold out of all DVDs in her possession, and suggested to Plaintiff that he could recoup his loans and share of profits by selling the DVDs already in his possession and retaining all proceeds therefrom.  Plaintiff rejected that proposal.

16.     On or about June 20, 2006, Defendant offered to "buy out" Plaintiff's rights in the DVD for the sum of $9,297.  In return, she asked Plaintiff for an assignment of any and all copyrights in and to the DVD, and a return of all DVDs in Plaintiff's possession.  Because the offer amounted to a repayment of Plaintiff's loans - with no consideration for his interest in the DVD and/or partnership - it was rejected.

17.     On several occasions between June 21 and June 26, 2006, Plaintiff offered to submit the dispute to mediation.  Defendant refused.

18.     On June 22, 2006, as a result of Defendant's refusal to tender payment for creation of the Deaf Yoga website, Plaintiff repossessed the computer files related thereto.[6]

19.     On June 29, 2006, in response to Defendant's request for a counter-offer to her $9,297 buyout proposal, Plaintiff tendered an offer of $20,000.  Defendant never responded.

20.     On July 7, 2006, Plaintiff tendered a demand for $9,668, representative of the loans and advances he made on behalf of the partnership – which funds should have been paid to Plaintiff from first proceeds of the DVD as originally agreed.[7]  Defendant ignored the request.

---

[6] As set forth above, Plaintiff's creation of the Deaf Yoga website was separate and apart from the DVD project.

**A Change in Tactics**

21.     On July 11, 2006, Defendant issued a new and rather remarkable written "demand." In it, she "declared" that "negotiations were over," and announced that Plaintiff was not entitled to any consideration for his contributions to the DVD because "there was no written contract for [his] services." She concluded with the threat that if Plaintiff sold any of the DVDs, she would "sue [him] for copyright violation." Of course, this constituted a complete turnaround in Defendant's negotiating position - one that could only have been predicated upon willful ignorance and/or a willful mischaracterization of the facts and applicable law. Indeed, it is difficult to make heads or tails of the missive, other than to note that it appears to have coincided with Defendant's retention of counsel and her apparent desire to deprive Plaintiff of his rightful interests in the DVD, partnership and partnership proceeds.

**Recent Developments**

22.     Since August 14, 2006, Plaintiff has made repeated demands for an accounting of DVD sales and a winding-up of the partnership. Defendant has refused all such demands.

23.     Upon information and belief, Defendant is secretly soliciting investment capital to market and sell the DVD, and is working on one or more distribution deals to sell the DVD into the future. Plaintiff believes that Defendant has actively and intentionally concealed these negotiations in a deliberate attempt to mislead Plaintiff.

24.     Upon further information and belief, Defendant has communicated malicious and defamatory statements to one or more third parties regarding Plaintiff's interests (or alleged lack thereof) in the DVD, and has informed others – either explicitly or implicitly - that Plaintiff has

---

[7] Under Section 4.01(c) of the TEXAS REVISED PARTNERSHIP ACT, a partner is entitled to reimbursement for loans and advances, plus interest.

infringed her copyrights.   Defendant's apparent motive is to damage Plaintiff's business reputation and to prevent him from asserting his lawful rights.

25.     As a result of the foregoing, Plaintiff brings this suit asking the Court to declare the respective rights of the parties, and seeking any and all ancillary relief related thereto.

### COUNT I:
### DECLARATORY JUDGMENT

26.     Plaintiff realleges and incorporates herein the foregoing paragraphs.

27.     Under the TEXAS REVISED PARTNERSHIP ACT, Plaintiff seeks the Court's declaration of the parties' respective rights and interests in and to the partnership described above.

28.     Under the U.S. copyright laws, Plaintiff seeks the declaration of parties' respective joint authorship rights and interests in and to the DVD.

29.     Declaratory relief is necessary in order to determine the rights and obligations of the parties – both prior to the initiation of this suit and beyond.

### COUNT II:
### ACCOUNTING AND PAYMENT OF SHARE OF NET PROFITS

30.     Plaintiff realleges and incorporates herein the foregoing paragraphs.

31.     Under Section 4.06 of the TEXAS REVISED PARTNERSHIP ACT and Section 201(a) of the UNITED STATES COPYRIGHT ACT, Plaintiff requests that this Court order Defendant to provide an accounting and payment of all net profits of the DVD, and to provide immediate access to books and records for the purposes of verifying the accuracy of any such accounting.

### COUNT III:
### BREACH OF PARTNER'S AND CO-AUTHOR'S DUTIES

32.     Plaintiff realleges and incorporates herein the foregoing paragraphs.

33.     By her actions alleged above, Defendant has infringed Plaintiffs' rights as partner and co-author of the DVD.  Specifically, by failing to deposit proceeds and revenues of the DVD into a segregated bank account, by converting proceeds and revenues for her personal benefit, by refusing to provide an accounting of said proceeds and revenues, and by deliberately and willfully attempting to deprive Plaintiff of his interests in and to the partnership and DVD, Defendant has breached her duties – including her fiduciary duties.  For these reasons, Plaintiff seeks legal and/or equitable relief under copyright law, the common law and/or Section 4.06 of the TEXAS REVISED PARTNERSHIP ACT.

34.     Defendant's actions in connection with the foregoing were willful and malicious, entitling Plaintiff to actual and exemplary damages.

**COUNT IV:**
**COURT-ORDERED WINDING-UP**
**AND APPOINTMENT OF THIRD PARTY TO FACILITATE SAME**

35.     Plaintiff realleges and incorporates herein the foregoing paragraphs.

36.     Plaintiff alleges that the economic purpose of the partnership has been frustrated, and that Defendant has engaged in conduct related to the partnership business that makes it not reasonably practicable to carry on the business in partnership with Defendant.  Therefore, under Articles 4.06 and 8.01-8.03 of the TEXAS REVISED PARTNERSHIP ACT, Plaintiff requests a judicial decree requiring a winding-up of the partnership, with appointment of a third party to facilitate same, including: (a) satisfaction of all partnership liabilities (including satisfaction of any and all loans and advances made by Plaintiff on the partnership's behalf [plus interest], and satisfaction of Defendant's liability to Plaintiff for his share of proceeds and revenues under the partnership), and (b) distribution to the partners of any remaining partnership property.  Due to Defendant's wrongful conduct, Plaintiff requests that all costs be charged to Defendant.

## COUNT V:
### CONSTRUCTIVE TRUST

37.     Plaintiff realleges and incorporates herein the foregoing paragraphs.

38.     Upon information and belief, proceeds and revenues from sales of the DVD were commingled by Defendant with personal and/or other business funds.  Said commingling was in violation of the fiduciary and contractual obligations of Defendant to Plaintiff.  A constructive trust on the monies in question is the only remedy that will adequately compensate Plaintiff and prevent unjust enrichment of Defendant at Plaintiff's expense.   Because the funds were commingled, Plaintiff requests that this Court order Defendant to establish, with certainty, that portion of the commingled funds and/or property that rightfully belongs to her; and to establish, with certainty, that portion of the commingled funds and/or property that rightfully belongs to Plaintiff.  In accordance with the applicable law, if Defendant cannot establish with certainty that portion of the commingled funds and/or property that rightfully belongs to her, then Plaintiff requests that this Court order that all commingled funds and/or property be subject to the requested constructive trust.

39.     Defendant's conduct was both willful and malicious.   As a result, Plaintiff is entitled to recover exemplary damages to deter similar conduct by the Defendant and others.

## COUNT VI:
### CONVERSION

40.     Plaintiff realleges and incorporates herein the foregoing paragraphs.

41.     As a partner and joint author of the DVD, Defendant owed Plaintiff a fiduciary obligation to act in the best interests of both parties, to properly account for sales and pay to Plaintiff his share of net profits, to keep revenues segregated in an account separate from her own finances, and to avoid any self-dealing.  Upon information and belief, Defendant has

breached each and every one of these duties.  Specifically, Defendant has exercised dominion, wrongfully withheld and converted to her own use funds to which Plaintiff had a right of possession.  These funds derived from her sales of the DVD - from the date of initial release through the present.  Defendant has continued to deprive Plaintiff of these funds despite repeated demands therefor.  Defendant's conduct has been both willful and malicious.  As a result, in addition to payment of the funds, Plaintiff is entitled to recover exemplary damages to deter similar conduct by the Defendant and others.

**COUNT VII:**
**BREACH OF CONTRACT**

42.     Plaintiff realleges and incorporates herein the foregoing paragraphs.

43.     Plaintiff and Defendant entered into a valid and enforceable partnership agreement related to the sale of instructional yoga DVDs.  In addition, Defendant agreed to pay Plaintiff for services rendered independently of the partnership – including website development for Defendant's independent business "Deaf Yoga."  Although Plaintiff fully performed his obligations under those agreements, Defendant has failed to perform hers by, *inter alia*, refusing to pay monies owed under the agreements.  Defendant's non-performance constitutes breach of contract.  As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including (a) the amounts due under the partnership agreement, (b) the amounts due under the agreements between Plaintiff and Defendant related to his work for Deaf Yoga, and (c) Plaintiff's reasonable expenses in reliance on Defendant's performance of the contract.

**COUNT VIII**
**QUANTUM MERUIT**

44.     Plaintiff realleges and incorporates herein the foregoing paragraphs.

45.     Plaintiff performed services for Defendant's independent business Deaf Yoga that were never the subject of a written or verbal agreement other than that Plaintiff should, and would, be fairly compensated for same.  These services included photography, graphic work (including brochure design), and other related services.  Plaintiff has not been paid for this work, and seeks restitution therefor in an amount to be determined by the trier of fact.

## COUNT IX
## DEFAMATION

46.     Plaintiff realleges and incorporates herein the foregoing paragraphs.

47.     As set forth above, Defendant has uttered one or more false statements that have injured Plaintiff in his profession – either explicitly and/or by innuendo.  Defendant's conduct was both willful and malicious.  As a result, Plaintiff is entitled to recover exemplary damages to deter similar conduct by the Defendant and others.

## PRAYER

Plaintiff prays for:

A.      Declaratory relief as set forth above;

B.      A court-ordered accounting of all proceeds and revenues of the partnership;

C.      A court-ordered accounting of all proceeds and revenues generated by the DVD;

D.      A court-ordered winding-up of partnership affairs, with liquidation and distribution of partnership assets;

E.      An award of actual damages;

F.      An award of consequential damages;

G.      An award of exemplary damages;

H.      An award of reasonable costs and attorneys' fees;

I.      Prejudgment and post-judgement interest on any damage awards as permitted by

law; and

J.      Such other and further relief as the Court may deem just, proper or necessary

under the circumstances.

Respectfully submitted on this 31st Day of October, 2006.

**R. Buck McKinney, Esq.**
BUCK MCKINNEY, PC
Texas Bar No. 00784572
P.O. Box 6231
Austin, Texas 78762-6231
Telephone      (512) 236-0150
Facsimile       (512) 444-1879
ATTORNEY FOR PLAINTIFF

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
*Russ Smith*

## DEFENDANTS
*Brenda Colling*

A06CA876 SS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  *Travis*
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  *Travis*
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(C) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
*Buck McKinney, Esq.*
*Buck McKinney, PC*
*PO Box 6231*
*Austin, TX 78762*

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☑ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

*17 USC § 101, et. seq.   Declaratory Judgment to Determine Rights in Work of Joint Authorship and Partnership Related Thereto; and Ancillary Relief*

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☑ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE _____   DOCKET NUMBER _____

DATE
*10/31/06*

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

FOR OFFICE USE ONLY

*Sparks*

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

ORIGINAL                          403707

AO82
(Rev. 4/90)

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
**WESTERN DISTRICT OF TEXAS** *Austin*
at

RECEIVED FROM  *Buck McKinney, PC*
*PO Box 16231*
*Austin, TX 78762*

| Fund | | ACCOUNT | AMOUNT |
|------|-----|---------|--------|
| 6855XX | Deposit Funds | 081900 | 1000 |
| 604700 | Registry Funds | 510000 | 190 00 |
| | General and Special Funds | 086400 | 100 00 |
| 508800 | Immigration Fees | | |
| 085000 | Attorney Admission Fees | | |
| 086900 | Filing Fees | TOTAL | 350.00 |
| 322340 | Sale of Publications | | |
| 322350 | Copy Fees | | |
| 322360 | Miscellaneous Fees | | |
| 143500 | Interest | | |
| 322380 | Recoveries of Court Costs | | |
| 322386 | Restitution to U.S. Government | | |
| 121000 | Conscience Fund | | |
| 129900 | Gifts | | |
| 504100 | Crime Victims Fund | | |
| 613300 | Unclaimed Monies | | |
| 510000 | Civil Filing Fee (½) | | |
| 510100 | Registry Fee | | |

Case Number or Other Reference
*1:06-CV-876*

*New Case*
*Russ Smith v.*
*Brenda Lolling*

$ Checks and drafts are accepted subject to col-
lection and full credit will only be given when the
check or draft has been accepted by the financial
institution on which it was drawn.

| DATE | Cash | Check | M.O. | Credit | DEPUTY CLERK: |
|------|------|-------|------|--------|---------------|
| 10-31-06 | | ✓ | | | *Arevalo* |
| 11-01-06 | | | | | |

1011